Dear Mr. Roche:
This office is in receipt of your request for an opinion of the Attorney General in regard to benefits for surviving spouses of the Municipal Police Employees' Retirement System. You indicate R.S. 11:2220(B)(1) provided upon remarriage of the surviving spouse of a deceased active contributing member or a deceased disability retiree, the benefits payable to the surviving spouse would cease, but would resume upon the termination of the new marriage and approval of the Board of Trustees. Act 423 of 1991 amended the statute so as to provide the benefits of a surviving spouse shall not cease upon the subsequent remarriage of the recipient if the member was killed in the line of duty. Further, by Act 835 of 1991 it was provided the benefits of the surviving spouse shall not cease upon the subsequent remarriage, if the marriage takes place after the recipient attains the age of sixty.
You ask the following questions:
 1. Would the surviving spouse of a deceased active member killed in the line of duty, who was remarried prior to September 6, 1991, the effective date of the acts, be entitled to reinstatement of benefits effective on the 6th;
 2. Would this surviving spouse, if not entitled under Act 423, after a subsequent divorce and remarriage be entitled to benefits under this Act; and
 3. Would the surviving spouse who remarries after the age of sixty, but prior to September 6, 1991, be entitled to benefits effective on the 6th under Act 835 of 1991.
Generally, substantive laws or administrative rules are given only prospective application as distinguished from procedural or remedial laws which are given retroactive effect. In Attorney General Opinion No. 92-732 this office made the following observation:
 Court decisions have viewed enactments of the legislature which pertain to retirement systems as "remedial", and when those provisions provide a benefit for the employee-retiree they may be construed liberally in his favor and thus retrospectively.
Finding that Act 423 of 1991 provides a benefit for the surviving spouse and following the logic of this earlier opinion that it would be considered remedial legislation to be applied retrospectively, we conclude the surviving spouse of a deceased active member killed in the line of duty who remarried prior to September 6, 1991 would be entitled to reinstatement of benefits under Act 423 of 1991 as would the surviving spouse who remarried after the age of sixty but prior to September 6, 1991.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0653f